GILLESPIE, Presiding Justice:
This is an appeal from a decree of the Chancery Court of Hinds County affirming an order of the Mississippi State Tax Commission, hereinafter called Commission, assessing Gilchrist Tractor Company, Inc., hereinafter called Taxpayer, with additional taxes for the year 1963.
Taxpayer purchased the business of Stribling Brothers Machinery Company as of June 1, 1962. It elected to file tax returns on a calendar year basis and to treat bad debts for tax purposes by deducting from income an addition to a reserve for bad debts. The predecessor corporation, Stribling Brothers, treated its bad debts by deducting from income debts ascertained to be worthless, during the tax year, or the actual write-off formula. For the year ending December 31, 1962, taxpayer deducted from income $75,000 as an addition to a reserve for bad debts. For the tax year 1963 Taxpayer deducted $218,-111.50 from income as an addition to the bad debt reserve. The order of the Commission required additions to reserve for bad debts for the two tax years to be in accordance with the prior bad debt experience of the predecessor corporation. This resulted in an addition to bad debt reserve for the 1962 tax year of $264,623.70, and $27,770.82 for the 1963 tax year. Taxpayer’s treatment of the bad debt reserve resulted in a net income of $23,095.91 for the 1962 tax year and $112,464.59 for the 1963 tax year, and it reported income accordingly. Application of the bad debt experience of taxpayer’s predecessor corporation as required by the Commission resulted in taxpayer having a loss of $184,-908.36 for the 1962 tax year and a net profit of $303,584.09 for the 1963 tax year. The state does not allow expenses or losses of one year to be used to reduce in *551 come of another year as does the Federal Government..
The question is whether the bad debt reserve was correctly established by the Commission.
Taxpayer argues that the bad debt reserve must be in an amount determined to be reasonable in light of the facts existing in Taxpayer’s business. It further states that the accounts of Stribling Brothers were drastically written down the last year of Stribling Brother’s operation (which was done in connection with the sale of the business to taxpayer) and this resulted in an abnormally high average bad debt experience. It is pointed out that Stribling Brother’s bad debt experience for the years preceding the last year of operation when the drastic write down of bad debts occurred, was from 1.04 percent to 2.048 percent of sales, but jumped to 7.123 percent the last year, thus giving Taxpayer an abnormally high bad debt experience. Taxpayer contends that the sum of $75,-000 chosen by taxpayer as an addition to the bad debt reserve for the 1962 tax year was more in keeping with Stribling Brother’s average of bad debt experience up to the year of the drastic write down.
The Commission contends that the applicable laws and regulations require the bad debt reserve to be established at the end of the accounting period in which it becomes allowable as a deduction from income; that the treatment required by the Commission’s order is correct; and a taxpayer may not spread losses from bad debts over a number of accounting periods, or tax years.
Mississippi Code 1942 Annotated, section 9220-09(f) (Supp.1966) allows a deduction as follows:
Losses from debts ascertained to be worthless and charged off during the taxable year, if sustained in the conduct of the regular trade or business of the taxpayer; provided, that such losses shall be allowed only when the taxpayer has reported as income, on the accrual basis, the amount of such debt or account.
Article 100 of the Income Tax Regulations No. 13 of the Mississippi State Tax Commission is in part as follows:
“Periods for Which Deductions Are Taken—
The expenses or losses of one year cannot be used to reduce the income of another year. If the taxpayer does not deduct certain of his expenses in any taxable year, he cannot deduct them from the income of any succeeding year * * * »
Article 127 of the Income Tax Regulations No. 13 provides in part as follows r
“Bad Debts — (a) Bad debts may be treated in either of two ways: (1) by a deduction from income in respect of debts ascertained to be worthless, or (2) by a deduction from income of an addition to a reserve for bad debts. When filing the first return taxpayers-may * * * elect either of these two methods and will be required to continue to use * * * the method so
elected, unless permission to change to the other method is granted by the Commissioner.”
Article 126 of the Income Tax Regulations No. 13 is in part as follows:
(a) What constitutes a reasonable addition to a reserve for bad debts must be determined in the light of facts, and will vary as between classes of business and with condition of business prosperity.

(c) In the case of a new enterprise or otherwise, the credit for bad debt reserve or the additions thereto from profits will not be permitted in the absence of a showing of experience.
We are of the opinion that when Taxpayer chose to treat bad debt losses by the bad debt reserve method it was required *552 to base the reserve on a showing of experience as required by the regulations of the ■Commission. In this case Taxpayer showed on its return for the years 1962 and 1963 the experience of it and its predecessor corporation, but it did not base the reserve addition on these showings of experience, but chose what appears to be an arbitrary figure. Taxpayer’s accountant testified that the figure he used for 1962 was what the corporation needed and deserved. This figure reduced taxes substantially. On the other hand, it appears that 'Taxpayer is required, by the Commission’s ■additional assessment, to pay a tax out of ■proportion to its actual economic gain for the two years in question. We think, however, that the choice of treatment of bad debt reserves which the taxpayer made required the Commission to apply its rules in ■determining the amount of reserve for each year. The provision in Article 126, Mississippi Income Tax Regulations No. 13, that bad debt reserves vary with conditions ■of business prosperity does not authorize the taxpayer to do what Taxpayer did in this instance. What Taxpayer did was to spread the bad debt loss over the two tax years to the best advantage of Taxpayer without following the rules of the Commission and without a reasonable basis for a variation from the bad debt experience formula. The actual write off of bad debts for 1962 did not determine the amount of bad debt reserve. The reserve is in anticipation of future losses. We are of the opinion that the Commission’s method of determining the bad debt reserves is consistent with the law and regulations and is in accord with sound accounting principles.
We are of the opinion that the chancery court decree affirming the order of the Commission should be and it is affirmed.
Affirmed.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.